UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ISAIC SABILLON
RODRIGUEZ,

      Petitioner,

    v.                         Case No.:  2:26-cv-01221-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al.*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are Jose Isaic Sabillon Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 12).  For the below reasons, the Court grants the petition.

Sabillon Rodriguez is a native and citizen of Honduras who entered the United States in February 2004.  He has a U.S. citizen wife, U.S. citizen children, a pending family-based petition for lawful residence, and no criminal history.  On November 14, 2025, local law enforcement arrested Sabillon Rodriguez for driving without a license and hit & run, detained him at the Miami Dade County Jail, and notified Immigration and Customs Enforcement ("ICE").  ICE issued an I-200 warrant for arrest that day.  The prosecutor dismissed the criminal case on April 2, 2026.  On April 4, 2026, ICE took custody of Sabillon Rodriguez and commenced removal proceedings by issuing

a notice to appear. Sabillon Rodriguez is currently detained at Alligator Alcatraz without an opportunity to seek release on bond. He argues his detention violates the Fifth Amendment and the Immigration and Nationality Act.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Sabillon Rodriguez. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Sabillon Rodriguez asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

2

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile.  And like the petitioners in those cases, Sabillon Rodriguez's detention is governed by § 1226(a), not § 1225(b)(2).  As a noncitizen detained under § 1226(a), Sabillon Rodriguez has a right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondents to either bring Sabillon Rodriguez before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Sabillon Rodriguez's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 170 F.4th 1128 (8th Cir. 2026), which agreed with the government's interpretation of the INA.  The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive.  What is more, the Second and Seventh Circuits rejected the government's arguments in *Da Cunha v. Freden*, No. 25-3141 (2nd Cir. 2026) and *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Sabillon Rodriguez to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Sabillon Rodriguez receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Jose Isaic Sabillon Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Sabillon Rodriguez for an individualized bond hearing before an immigration judge or (2) release Sabillon Rodriguez under reasonable conditions of supervision. If the respondents release Sabillon Rodriguez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

5